﻿Citation Nr: AXXXXXXXX
Decision Date: 11/29/19 Archive Date: 11/29/19

DOCKET NO. 190322-42242
DATE: November 29, 2019

ORDER

Service connection for an acquired psychiatric disorder, to include other specified depressive disorder, is granted.

FINDING OF FACT

The Veteran’s acquired psychiatric disorder, to include other specified depressive disorder, is caused by his service-connected headaches, hearing loss, and TBI.

CONCLUSION OF LAW

The criteria for entitlement to service connection for an acquired psychiatric disorder, to include other specified depressive disorder, are met. 38 U.S.C. §§ 1131, 1154, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.310 (2018).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active service from February 1983 to August 1984.

In Clemons v. Shinseki, 23 Vet. App. 1 (2009), the United States Court of Appeals for Veterans Claims (the Court) held that the scope of a disability claim includes any disability that may reasonably be encompassed by the claimant’s description of the claim, reported symptoms, and the other information of record. As such, in light of Clemons, the Veteran’s claim for service connection for dementia and memory loss has been re-characterized as a claim for service connection for an acquired psychiatric disorder, to include other specified depressive disorder.

Service connection for an acquired psychiatric disorder, to include other specified depressive disorder

In August 2018, the Veteran filed service connection for “dementia and memory loss.” The Veteran reported that, “The latest condition haunting me is dementia. I have been tested and now see all the specialists at the VA that specialize in dementia. I see a psychiatrist regularly to help me through this problem. Upon investigation and talking to the doctors, all the medical issues I have are, or could be, connected to traumatic brain injury (TBI). All due to the bomb explosion in 1962 that set off this array of medical problems I am now dealing with.”

In September 2018, the Veteran was provided a VA examination regarding his mental health problems. The examiner noted review of neurologist records that stated, “differential [diagnosis] includes depression vs psychosis vs other psychiatric disorder. Less likely dementia.” After concluding that the Veteran met the criteria for “other specified depressive disorder” under the DSM-5, the examiner opined that based on the content of Veteran’s symptoms, the time of onset of these symptoms, and his denial of any pre-military mental health concerns, it is considered at least as likely as not that the veteran’s current depressive symptoms are proximately due to or the result of his various physical health concerns (to include headaches, hearing loss, and cognitive decline). The examiner explained, “Stated more accurately, the veteran’s experience of these physical health concerns has resulted in changes in his abilities and activities. These have in turn impacted Veteran’s quality of life, and have led to the development of clinically significant [depression].”

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C. § 1131. Establishing service connection generally requires competent evidence of three things (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship, i.e., a nexus, between the claimed in-service disease or injury and the current disability. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009); 38 C.F.R. §§ 3.303, 3.304(a) (2018).

Service connection may also be granted for a disability which is proximately due to or the result of a service-connected disease or injury, or for aggravation of a non-service-connected disability by a service-connected disability. 38 C.F.R. § 3.310 (2018).

In determining whether service connection is warranted for a disability, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). When there is an approximate balance of positive and negative evidence regarding any issue material to the determination, the benefit of the doubt is afforded the claimant.

The Board notes that the Veteran is service-connected for TBI, migraine headaches, and hearing loss. The Board finds probative the opinion of the 2018 examiner that the Veteran’s depressive disorder was at least as likely as not the result of suffering the symptoms of his service-connected conditions, including headaches, hearing loss, and cognitive decline. With respect to “cognitive decline”, the Board notes that residuals of TBI were noted by the VA neurologist to include “moderate concentration problems.”

The Board has considered the opinion provided by the 2019 VA examiner that the Veteran’s psychiatric disorder was separate from and less likely than not due to the residuals of the Veteran’s TBI based upon review of the findings of the VA neurologist, who diagnosed the Veteran’s TBI. This opinion, however, solely considered whether the Veteran’s depressive disorder was due to the Veteran’s TBI and whether such a finding was supported by review of the Veteran’s TBI residuals. The 2018 examiner’s opinion instead opines that the Veteran’s depressive disorder is caused by the Veteran’s response to his physical health due to multiple factors not just due to his TBI. As such, the Board does not find that these opinions are in conflict. 

As the evidence indicates that the Veteran’s depression is due to his service-connected migraine headaches, hearing loss, and TBI, the Board finds that service connection for an acquired psychiatric disorder, to include other specified depressive disorder is warranted on a secondary basis. 38 C.F.R. §§ 3.102, 3.310.

 

K. Parakkal

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board P.M. Johnson, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.